**Affirmed as Modified; Opinion Filed November 7, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00628-CR
### No. 05-12-00629-CR
### No. 05-12-00630-CR

### MAQUINN ABRAMS, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F10-61042-R, F11-52177-R, F11-52340-R**

## MEMORANDUM OPINION
Before Justices Moseley, Lang, and Brown
Opinion by Justice Moseley

The trial court found Maquinn Abrams violated the terms of his community supervision and sentenced Abrams to 20 years' incarceration. In three issues, Abrams argues there is insufficient evidence to support the trial court's order that Abrams pay court costs; the judgment should be reformed to accurately reflect the prosecutor who tried the case; and the judgment should be reformed to accurately reflect the condition of community supervision that Abrams violated. The background and facts of the case are well-known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We overrule Abrams's first issue, sustain

his second and third issues, modify the judgments, and affirm the trial court's judgments as modified.

In his first issue, Abrams argues the evidence is insufficient to support the trial court's order that he pay court costs in each case. Therefore, Abrams argues, the judgments should be reformed to delete the court costs. Because the clerk's records did not contain bills of costs, we ordered the Dallas County District Clerk to file supplemental records containing certified bills of costs associated with the cases. The clerk did so, filing supplemental clerk's records. *See* TEX. R. APP. P. 34.5(c)(1) (stating rules of appellate procedure allow supplementation of clerk's record if relevant item has been omitted).

Abrams makes two objections to the supplemental records. He first complains the clerk did not file a "proper bill of costs" because it is an unsworn, unsigned computer printout. While the code of criminal procedure requires a record be kept, it does not specify the form of the record except to state that it must be certified and signed "by the officer who charged the costs or the officer who is entitled to receive payment for the cost." TEX. CODE CRIM. PROC. ANN. art. 1003.001, .006; *Coronel v. State,* No. 05–12–00493–CR, 2013 WL 3874446, at *4 (Tex. App.—Dallas July 29, 2013, no pet.). The district clerk's supplemental records each contain a "Bill of Costs Certification" containing the costs that have accrued to date; the documents are certified and signed by the clerk. Because the documents meet the mandate of the code of criminal procedure, we conclude Abrams's first objection that the bill of costs is not "proper" lacks merit. *See id.* at *4

Abrams also complains the record does not indicate the bills of costs were filed or brought to the trial court's attention before costs were entered. We previously addressed and overruled this argument in *Coronel*. *See id.* at *5.

With the supplemental records containing the bills of costs now before us, we conclude Abrams's complaint that the evidence is insufficient to support the imposition of costs lacks merit. *See id*. at *4-5; *Franklin v. State,* 402 S.W.3d 894, 894 (Tex. App.—Dallas 2013, no pet.). Accordingly, we overrule Abrams's first issue.

In his second and third issues, Abrams argues the trial court's judgments should be modified to properly reflect the name of the prosecutor who represented the State at trial and to accurately show the probationary condition that Abrams violated and on which the trial court's revocation decision was made. The State agrees.

This Court has the authority to correct the trial court's judgment to make the record speak the truth when the Court has the necessary data and information to do so. *See* TEX. R. APP. P. 43.2; *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). We sustain Abrams's second and third issues. We modify the judgments to reflect that Hilary McAllister was the prosecutor at trial and the trial court revoked Abrams's community supervision because he committed the offense of burglary of a habitation on January 20, 2012.

As modified, we affirm the trial court's judgments.

/Jim Moseley/
JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
120628F.U05

–3–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MAQUINN ABRAMS, Appellant

No. 05-12-00628-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F10-61042-R.
Opinion delivered by Justice Moseley.
Justices Lang and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is modified as follows:

We **STRIKE** Meredith Behgooy as the "Attorney for State" and **MODIFY** the judgment by adding Hilary McAllister as the attorney for the State.

We **STRIKE** the statement "(5) While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's ORIGINAL Motion to Adjudicate guilt as follows: See attached Motion to Adjudicate," and **MODIFY** the judgment by adding: "(5) While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's motion to revoke probation or proceed with an adjudication of guilt, which was filed on February 7, 2012, as follows: committing burglary of a habitation."

As modified, the judgment is **AFFIRMED**.

Judgment entered this 7th day of November, 2013.

/Jim Moseley/
JIM MOSELEY
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MAQUINN ABRAMS, Appellant

No. 05-12-00629-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F11-52177-R.
Opinion delivered by Justice Moseley.
Justices Lang and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is modified as follows:

We **STRIKE** Meredith Behgooy as the "Attorney for State" and **MODIFY** the judgment by adding Hilary McAllister as the attorney for the State.

We **STRIKE** the statement "(5) While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's ORIGINAL Motion to Adjudicate guilt as follows: See attached Motion to Adjudicate," and **MODIFY** the judgment by adding: "(5) While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's motion to revoke probation or proceed with an adjudication of guilt, which was filed on February 7, 2012, as follows: committing burglary of a habitation."

As modified, the judgment is **AFFIRMED**.

Judgment entered this 7th day of November, 2013.

/Jim Moseley/
JIM MOSELEY
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MAQUINN ABRAMS, Appellant

No. 05-12-00630-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F11-52340-R.
Opinion delivered by Justice Moseley.
Justices Lang and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is modified as follows:

We **STRIKE** Meredith Behgooy as the "Attorney for State" and **MODIFY** the judgment by adding Hilary McAllister as the attorney for the State.

We **STRIKE** the statement "(5) While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's ORIGINAL Motion to Adjudicate guilt as follows: See attached Motion to Adjudicate," and **MODIFY** the judgment by adding: "(5) While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's motion to revoke probation or proceed with an adjudication of guilt, which was filed on February 7, 2012, as follows: committing burglary of a habitation."

As modified, the judgment is **AFFIRMED**.

Judgment entered this 7th day of November, 2013.

/Jim Moseley/
JIM MOSELEY
JUSTICE